UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA VIOLAN,<br><br>    Plaintiff,<br><br>    v.<br><br>ON LOK SENIOR HEALTH SERVICES,,<br><br>    Defendant. | Case No. 12-cv-05739-WHO<br><br>**ORDER GRANTING REQUEST TO CONTINUE HEARING ON MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 36 |

## INTRODUCTION

Defendant On Lok Senior Health Services has moved for summary judgment. Plaintiff Eva Violan has requested a continuance under Federal Rule of Civil Procedure 56(d). For the reasons stated below, the Court VACATES the hearing on November 13, 2013, GRANTS the request for a continuance and sets the hearing on defendant's motion on December 18, 2013.

## FACTUAL BACKGROUND

Plaintiff Eva Violan worked as a quality assurance associate for On Lok Senior Health Services ("On Lok") from January 2005 until she took leave from the company in February 2011 for medical reasons. In September 2010, Violan's doctor diagnosed her with a disability that restricted her ability to use a computer keyboard. Dkt. No. 6, First Amended Complaint ("FAC") ¶ 28. In February 2011, Violan's doctor recommended that she restrict use of a keyboard to three hours per day. FAC ¶ 34. Violan alleges that On Lok refused to accommodate her disability and instead reduced her work schedule from full-time to part-time. FAC ¶ 35. Violan's First Amended Complaint alleges causes of action against On Lok for (1) disability discrimination in violation of the California Fair Employment and Housing Act, CAL. GOV. CODE § 12900 *et seq*. ("FEHA"), (2) disability discrimination in violation of the Civil Rights Act of 1964, 42 U.S.C. § 1201 *et seq*. ("Title VII"), (3) retaliation in violation of Title VII, (4) retaliation in violation of

1  FEHA, (5) retaliation in violation of CAL. LABOR CODE § 132(a), (6) failure to engage in the
2  interactive process in violation of FEHA, (7) failure to accommodate in violation of FEHA, (8)
3  intentional infliction of emotional distress, and (9) wrongful termination in violation of public
4  policy.

5  On Lok filed a motion for summary judgment on all of Violan's claims on October 9,
6  2013.  Dkt. No. 36.  Violan's opposition requests that the Court deny or continue the motion until
7  she is able to take depositions of certain On Lok employees.  Dkt. No. 43 at 22 n.9.  Violan's
8  attorney submitted a declaration in support of the request for a continuance, stating that Violan
9  intends to depose:  (1) her manager at On Lok, Sandra Nunez, (2) On Lok chief medical officer
10 Dr. Cheryl Phillips, (3) former On Lok human resources specialist, Jamie Lau, (4) former On Lok
11 human resources director, Deborah Stuart-Middleton, and (5) three current On Lok quality
12 assurance asociates.  Declaration of Spencer F. Smith in Support of Plaintiff's Opposition to
13 Motion for Summary Judgment ("Smith Decl.") ¶¶ 8, 11.

14 Violan contends that deposition testimony from these witnesses "is essential to []
15 discovering further circumstantial evidence of pretext for the restructuring of [her] job duties and
16 work schedule." *Id*. ¶¶ 9, 12.  Violan asserts that Nunez, Lau, Stuart-Middleton and Phillips are
17 significant because they allegedly decided to refuse to discuss any accommodations with Violan
18 and played a role in the decision to reduce her schedule from full-time to part-time. *Id*. ¶ 9.  Each
19 of them except Phillips submitted a declaration on behalf of On Lok. Violan anticipates deposing
20 the three current On Lok quality assurance associates regarding what percentage of their job duties
21 require keyboarding and On Lok's expectations regarding their job performance. *Id*. ¶ 12.

## PROCEDURAL BACKGROUND

Violan filed this case on November 8, 2012.  Dkt. No. 1.  Violan filed her First Amended
Complaint on January 9, 2013.  Dkt. No. 6.  The Court set the current pretrial schedule on August
27, 2013.  Dkt. No. 35.  The discovery cutoff is December 20, 2013.  The last day to hear
dispositive motions was set for January 22, 2014.  Trial is set for March 17, 2014.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(d) states:

2

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

FED R. CIV. P. 56(d).  The party seeking a continuance "must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).  A Rule 56(d) continuance "should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773–74 (9th Cir. 2003).  "[T]he Supreme Court has restated the rule as requiring, rather than merely permitting, discovery where the non-moving party has not had the opportunity to discover information that is essential to its opposition." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 842, 846 (9th Cir. 2001) (internal quotation marks and citation omitted).  Denial of a Rule 56(d) continuance "is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation." *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991).

## DISCUSSION

On the record before the Court, it is not obvious that either party has prioritized scheduling the pertinent depositions at a mutually convenient time.  As the defendants point out, these depositions certainly could have been noticed and taken earlier.  But as the discovery period has not run, the plaintiff has made some attempts to schedule the depositions, and the proposed deponents appear to have information directly relevant to the claims, the Court will allow plaintiff sufficient time to take the depositions, as set forth in the CONCLUSION below.

Three of the witnesses that the plaintiff intends to depose, Sandra Nunez, Jamie Lau, and Deborah Stuart-Middleton, submitted declarations in support of On Lok's motion for summary judgment.  Id. ¶ 10.  All of these individuals state that they possess information relevant to the issues on which Violan seeks discovery, specifically, that they participated in making decisions on whether to accommodate Violan's disability and reduce her work schedule.  For example, Sandra

3

1  Nunez, Violan's direct manager, states that she met with On Lok officials to "discuss modification
2  of Ms. Violan's work hours and duties to accommodate her new restrictions." Dkt. No. 39 ¶ 7.
3  Deborah Stuart-Middleton similarly states that Sandra Nunez and others "consulted with [her]
4  regarding the modification of Ms. Violan's work hours and duties to accommodate her new
5  restrictions" and that she "approved their recommendation to reduce Ms. Violan's workday to 3
6  hours . . . ." Dkt. No. 40 ¶ 8.

According to the declarations, these witnesses directly participated in the conduct out of which Violan's claims of disability discrimination and failure to accommodate arise, and their testimony, therefore, will likely be directly relevant to her claims. Phillips, as chief medical officer, may also be presumed to have relevant knowledge.

Further, Violan expects to elicit testimony from the three current On Lok quality assurance associates regarding how much of their job duties require keyboarding, a factual issue that bears on whether Violan was qualified to perform her job in light of the restrictions on her keyboarding abilities. This contention is stridently contested by the parties. *See* Dkt. No. 36 at 12-13; Dkt. No. 43 at 4-8. The Court is therefore not persuaded, contrary to On Lok's assertions, that Violan's request for further discovery is based on "mere speculation." Dkt. No. 44 at 10.

On Lok contends that Violan has not been diligent in pursuing discovery because Violan has canceled depositions of some of the proposed witnesses. Dkt. No. 45, Declaration of Andrew J. Sommer in Support of Reply ("Sommer Reply Decl.") ¶¶ 6-11. After On Lok filed its motion for summary judgment, Violan inquired about the availability of Sandra Nunez, Deborah Stuart-Middleton, and Jamie Lau. On Lok asserts that it scheduled and prepared for these depositions, and Violan unexpectedly canceled them the day before the first deposition was to begin. *Id*. ¶¶ 9-11. However, the communications between the parties reveal that the depositions were never confirmed. *Id*. Exs. J, K, L, M. Violan responded to On Lok within two business days with alternate dates, to which On Lok responded by rejecting Violan's proposed dates.[1] *Id*. Exs. L, M.

---

[1] On Lok asserts that Violan should not be permitted to take the depositions of Cheryl Phillips and the three quality assurance associates because they were not identified in Violan's initial disclosures. Dkt. No. 44 at 12. Cheryl Phillips was identified in the plaintiff's initial disclosures. Sommer Reply Decl., Ex. O at 4. Defendant did not cite authority that would preclude the other

4

Given that the discovery remains open, both parties have an obligation to cooperate with outstanding discovery requests. *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-02099, 2013 WL 5545276 at *2 (N.D. Cal. Oct. 8, 2013) (granting continuance and finding that Plaintiff is "entitled to avail itself of the remainder of the discovery period" prior to responding to a motion for summary judgment); *U.S. Equal Opportunity Comm'n v. Dillard's Inc.*, No. 08-1780, 2011 WL 4507068 at *2 (S.D. Cal. Sept. 28, 2011) (finding that non-moving party had not pursued discovery in a dilatory manner because discovery had not yet closed). Further excuses regarding scheduling will be met with skepticism by the Court--either the depositions should be set when the witnesses are available within the dates listed below, and counsel should adjust their schedules accordingly, or the parties should file a joint stipulation by November 12, 2013, setting out an alternative deposition and briefing schedule so that the hearing is set no later than January 22, 2014.

**CONCLUSION**

For the reasons above, absent agreement by the parties, On Lok's motion for summary judgment is CONTINUED for hearing until December 18, 2013 at 2 p.m. in Courtroom 2.

The parties shall immediately meet and confer and set the depositions identified by plaintiff in her opposition. Absent agreement, the depositions shall be concluded by November 26, 2013. The depositions of the Quality Assurance Associates are limited to two hours each. Plaintiff may file a new opposition to the motion for summary judgment by December 4, 2013, replacing what has been previously filed, and defendant may similarly file a new reply by December 11, 2013.

Alternatively, the parties may file a joint stipulation setting forth a different deposition, briefing and hearing schedule on or before November 12, 2013, provided that the hearing on the motion is set no later than January 22, 2014.

In the event the parties do not file the joint stipulation referred to in the preceding paragraph and they fail to agree on the schedule of depositions to be completed by November 26,

---

three depositions, and has not moved to quash their depositions. Given their potential relevance to the case and the state of this record, the depositions may proceed as indicated in the Conclusion.

1  2013, the parties shall notify Ms. Davis, Courtroom Deputy, 415 522-2077 on November 12 and
2  appear in court on November 13, 2013 at 2 p.m. In that event, the Court will dictate the schedule
3  of each deposition.

**IT IS SO ORDERED**.

Dated: November 7, 2013



WILLIAM H. ORRICK
United States District Judge